UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>CARL EUGENE GONDERMAN,<br><br>    Defendant. | NO. CR-12-2045-LRS<br>(CV-14-3181-LRS)<br><br>**ORDER DENYING**<br>**28 U.S.C. §2255 MOTION** |

**BEFORE THE COURT** is Defendant's 28 U.S.C. §2255 Motion (ECF No. 52).

§2255 provides in relevant part:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

Here, the motion and the files and records of the case conclusively show the Defendant is entitled to no relief.

**I. TIMELINESS**

Defendant's motion is timely under 28 U.S.C. §2255(f). Judgment was entered on November 12, 2013 (ECF No. 50). Under normal circumstances, Defendant had 14 days to take a direct appeal to the Ninth Circuit Court of Appeals. Fed. R. App. P. 4(b)(1)(A). There is authority that in cases where a direct appeal is not taken, as in this case, the judgment of conviction does not

**ORDER DENYING**
**§2255 MOTION-**　　　　　　　　　**1**

become final until expiration of the appeal period. *Moshier v. U.S.*, 401 F.3d 116, 118 (2nd Cir. 2005); *Butler v. U.S.*, 2014 WL 584761 (D. Hawai'i 2014) at *3. Defendant's appeal period expired on November 26, 2013. If his judgment of conviction became final on November 26, 2013, his §2255 motion is timely because it was filed on November 26, 2014, within one year from the entry of final judgment. 28 U.S.C. §2255(f)(1).

Even if Defendant's judgment of conviction is considered to have become final on November 12, 2013, due to the fact he waived his right to appeal pursuant to the terms of his Plea Agreement (ECF No. 30 at Paragraph 16), the court deems his §2255 motion timely, notwithstanding the fact it was filed on November 26, 2014. This is because of the "prison mailbox rule." A prisoner's federal habeas petition is deemed filed when he hands it over to prison authorities for mailing to the district court. *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379 (2009). Defendant's motion is dated November 6, 2014, and the court reasonably assumes that is the day he handed it over to prison authorities for mailing to this court.

## II. ACCA

Defendant was sentenced to a 15 year (180 months) mandatory minimum term of imprisonment pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. §924(e)(1), which provides in relevant part:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in §922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

Defendant contends his counsel rendered ineffective assistance by failing to challenge use of his 2006 Yakima County Superior Court conviction for Attempting to Elude a Police Vehicle, RCW 46.61.024 (2003), as a qualifying

**ORDER DENYING
§2255 MOTION-                    2**

"violent felony" under the ACCA. This was one of three convictions used to enhance Defendant's sentence under the ACCA.[1] "Violent felony" is defined in 18 U.S.C. §924(e)(2)(B) as:

> [A]ny crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that-
>
> (i) has an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to the person of another[.]

Pursuant to his Plea Agreement, Defendant "expressly waive[d] his right to file any post-conviction motion attacking his conviction, including a motion pursuant to 28 U.S.C. §2255, except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of diligence, could not be known by the Defendant at the time the court imposes sentence." Defendant contends that at the time he entered into the Plea Agreement, he did not know and could not have known, because of the ineffective assistance of his counsel, that a conviction under RCW 46.61.024 was not a "violent felony" under the ACCA. As discussed below, it is a "violent felony" and therefore, his counsel did not render ineffective assistance.

Defendant relies on *United States v. Jennings*, 515 F.3d 980 (9th Cir. 2008), which found the pre-2003 version of RCW 46.61.024 did not qualify as a "violent felony" under the ACCA. Defendant, however, was convicted under the version of RCW 46.61.024 that was amended in 2003 to read as follows:

---

[1] The other two were a 2000 Yakima County Superior Court conviction for Second Degree Assault and a 1994 Yakima County Superior Court conviction for Residential Burglary.

**ORDER DENYING
§2255 MOTION-           3**

> Any driver of a motor vehicle who willfully fails or refuses to immediately bring his or her vehicle to a stop and who drives his or her vehicle in a reckless manner while attempting to elude a pursuing police vehicle, after being given a visual or audible signal to bring the vehicle to a stop, shall be guilty of a Class C felony. The signal given by the police officer may be by hand, voice, emergency light, or siren . . . .

In July 2012, the Tenth Circuit Court of Appeals in *United States v. Denson*, 488 Fed. Appx. 314, 2012 WL 2820978 (10th Cir. 2012), had occasion to address whether a defendant's 2006 conviction under RCW 46.61.024 qualified as a "violent felony" under the ACCA. At the outset, it noted the statute does not have any of the elements set forth in § 924(e)(2)(B)(i) ("has an element the use, attempted use, or threatened use of physical force against the person of another"), nor does it encompass any of the crimes enumerated in subclause (ii) ("burglary, arson, or extortion, involves use of explosives"). *Id*. at 320. Therefore, it describes a "violent felony" under the ACCA only if it satisfies the "residual clause" of subclause (ii) in that it "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id*.

Relying on the U.S. Supreme Court's decision in *Sykes v. United States*, ___ U.S. ___, 131 S.Ct. 2267 (2011), the Tenth Circuit concluded that a conviction under RCW 46.61.024 satisfies the "residual clause." At issue in *Sykes* was Indiana's attempting to elude statute, Ind.Code § 35-44-3-3 (2004). The Supreme Court concluded Sykes's offense "present[ed] a serious potential risk of physical injury to another," because "[w]hen a perpetrator defies a law enforcement command by fleeing in a car, the determination to elude capture makes a lack of concern for the safety of property and persons of pedestrians and other drivers an inherent part of the offense." 131 S.Ct. 2273. The Tenth Circuit in *Denson* found "that the elements of the statute at issue in *Sykes* are, in relevant part, substantially identical to the elements of the Washington offense for which

**ORDER DENYING
§2255 MOTION-                4**

Denson was convicted." 488 Fed.Appx. at 321. According to the Tenth Circuit:

> Sykes was convicted of using a vehicle to "flee [ ] from a law enforcement officer after the officer ha[d], by visible or audible means, identified himself and ordered the person to stop." Ind.Code § 35-44-3-3. Denson was convicted of of "fail[ing] or refus[ing] to immediately bring his . . . vehicle to a stop . . . driv[ing] his . . . vehicle in a reckless manner while attempting to elude a pursuing police vehicle, after being given a visual or audible signal to bring the vehicle to a stop . . . ." Wash. Rev.Code § 46.61.024. Thus . . . Denson and Sykes "were each convicted of fleeing in a motor vehicle from a police officer who was readily identifiable as a police officer and who visibly or audibly signaled him to stop." [*United States v.*] *Thomas*, 643 F.3d [802,] at 806 [10th Cir. 2011].
>
> Additionally, Sykes' conduct was "knowing[ ] or intentional[ ]," Ind.Code § 35-44-3-3(a) . . . and Denson engaged in willful[ ]" conduct, Wash. Rev.Code § 46.61.024[.] Both defendants therefore had comparable *mens rea*. While Denson argues that the relevant mental state is "recklessness," citing the statute's description of the accused's manner of driving, we disagree. As in *Thomas* and other cases, we focus on the mental state of the defendant in fleeing or eluding law enforcement. [Citations omitted].

*Id*.

This court believes the Ninth Circuit would reach the same conclusion as the Tenth Circuit: that a conviction under RCW 46.61.024 constitutes a "violent felony" under the "residual clause" of 18 U.S.C. §924(e)(2)(B)(ii) in that such "conduct . . . presents a serious potential risk of physical injury to the person of another." Supporting this belief are two Ninth Circuit decisions.

In *United States v. Snyder*, 643 F.3d 694 (9th Cir. 2011), the Ninth Circuit, relying on *Sykes*, held the defendant's conviction for felony attempt to elude police under Oregon Revised Statute § 811.540(1) constituted a "violent felony" under the "residual clause" of the ACCA. Just as the Tenth Circuit in *Denson* found "that the elements of the statute at issue in *Sykes* are, in relevant part, substantially identical to the elements of [RCW 46.61.024]," 488 Fed.Appx. at 321, the Ninth Circuit in *Snyder* found that "[t]he statute at issue in *Sykes* is

**ORDER DENYING**
**§2255 MOTION-**                 **5**

similar enough to the statute here [ORS § 811.540(1)] that the Supreme Court's *Sykes* ruling controls this case." 643 F.3d at 699.

In *United States v. Martinez*, 771 F.3d 672 (9th Cir. 2014), the Ninth Circuit, once again relying on *Sykes*, held the defendant's conviction under California Vehicle Code § 2800.2, vehicle flight from a pursuing peace officer, was a "violent felony" under the ACCA's "residual clause." The circuit noted that a two-prong test determines whether an offense is categorically "violent" under the residual clause. "First, the conduct encompassed by the elements of the offense, in the ordinary case, must present[] a serious potential risk of physical injury to another." *Id*. at 674, quoting *United States v. Chandler*, 743 F.3d 648, 650 (9th Cir. 2014)(per curiam). "Second, the state offense must be 'roughly similar, in kind as well as in degree of risk posed' to those offenses enumerated at the beginning of the residual clause- burglary of a dwelling, arson, extortion, and crimes involving explosives." *Id*., quoting *Chandler*, 743 F.3d at 650. The Ninth Circuit pointed out that in *Sykes*, the U.S. Supreme Court considered a "similar" Indiana statute and held it was a "violent felony" for the purposes of the ACCA, reasoning that: (1) vehicle flight from police inherently poses a serious potential risk to the safety of pedestrians and other drivers, as well as a risk of violent confrontation with police; and (2) the degree of danger involved in vehicle flight is comparable to, and perhaps greater than, the dangers involved in the "residual clause's" enumerated offenses of arson and burglary. *Id*. at 676, citing *Sykes*, 131 S.Ct. 2273-75. The Ninth Circuit found that like the Indiana statute in *Sykes*, California Vehicle Code § 2800.2 requires intentional conduct as it covers "[a]ny person who, while operating a motor vehicle and with *intent to evade, willfully* flees or otherwise attempts to elude a pursuing peace officer's motor vehicle." *Id*. (Emphasis in original). As noted above, RCW 46.61.024 pertains to "[a]ny driver of a motor vehicle who **willfully** fails or refuses to immediately bring his or her

**ORDER DENYING**
**§2255 MOTION-              6**

vehicle to a stop . . . ." (Emphasis added).

### III. CONCLUSION

For the reasons set forth above, Defendant's §2255 Motion (ECF No. 42) is **DENIED**. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this court declines to issue a certificate of appealability as Defendant has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

**IT IS SO ORDERED**. The District Executive shall forward a copy of this order to the Defendant.

**DATED** this __17th__ of December, 2014.

*s/Lonny R. Suko*
-----------------------------------
LONNY R. SUKO
Senior United States District Judge

**ORDER DENYING**
**§2255 MOTION-** 7